IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-14087-KMM

OWEN HARTY,

    Plaintiff,

vs.

EHDEN, N.V.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant Ehden, N.V.'s Motion to Dismiss Complaint (ECF No. 8). Plaintiff filed a Response (ECF No. 9), and Defendant filed a Reply (ECF No. 11). On May 22, 2012, this Court entered an Order (ECF No. 12) notifying the Parties that pursuant to Federal Rule of Civil Procedure 12(d) this Court construed Defendant's Motion to Dismiss as a Motion for Summary Judgment. Thereafter, each Party filed a supplemental brief (ECF Nos. 13, 14). Defendant's Motion is now ripe for review. Upon consideration of the Motion, Response, Reply, the Parties' supplemental briefs, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

**I. Background**

This matter arises under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq* ("ADA"). Plaintiff Owen Harty is a "'tester' on behalf of himself and other persons with disabilities for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations." Compl., ¶ 4 (ECF No. 1). "Mr. Harty [then] proceeds with

1

legal action to enjoin such discrimination and subsequently returns to the premises to verify its compliance or non-compliance with the ADA . . . ." Id.[1]

On March 12, 2012, Plaintiff initiated the instant action after he was unable to access Sabal Palm Plaza, a place of public accommodation, owned and operated by Defendant Ehden, N.V. ("Ehden"). Plaintiff seeks to enjoin alleged violations of the ADA. Specifically, Plaintiff asks that Defendant be compelled to eliminate architectural barriers that presently hamper access by the disabled at Sabal Palm Plaza.

## II. Analysis

Defendant argues that Plaintiff's claim is barred by a prior settlement agreement and court order. See Disabled Patriots v. Ehden N.V., No. 03-14021-CIV-COHN (S.D. Fla. 2003). According to Defendant, on October 10, 2003, Defendant entered into a settlement agreement with Disabled Patriots of America, Inc., and Mary F. Doran (the "Settlement Agreement"), in which Defendant agreed to make Sabal Palm Plaza compliant with Title III of the ADA. See Def.'s Mot. to Dismiss, Ex. A (ECF No. 8-1). A review of Defendant's settlement agreement with Disabled Patriots of America, Inc. and Mary F. Doran, reveals the instant action is barred by the doctrine of res judicata.

The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting Montana v. United States, 440 U.S. 147 (1979)). A "claim will be barred by prior

---

[1] As such, Plaintiff is no stranger to this Court. Plaintiff has filed approximately four lawsuits against local businesses this calendar year, and Plaintiff has been a party to at least fifty lawsuits since 2002.

litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id.

First, Defendant's settlement agreement constitutes a prior judgment on the merits. "In determining the res judicata effect of an order of dismissal based upon a settlement agreement, [a court should] attempt to effectuate the parties' intent. The best evidence of that intent is, of course, the settlement agreement itself." Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1289 (11th Cir. 2004). Consequently, the preclusive effect of a stipulation of dismissal is determined not by the claims specified in the original complaint, "but instead by the terms of the [s]ettlement [a]greement, as interpreted according to traditional principles of contract law." Id. The prior action between Defendant, Disabled Patriots of America, Inc. and Mary F. Doran, was dismissed with prejudice after the parties settled the matter. Moreover, in exchange for Defendant's compliance with the terms and conditions of the settlement agreement, Disabled Patriots of America, Inc. and Mary F. Doran agreed to release and discharge Defendant of "all claims and causes of action which they have had or may claim to have had arising under the Americans with Disabilities Act." Def.'s Mot. to Dismiss, Ex. A, at 6. Thus, in light of the parties' stipulation of dismissal with prejudice, and the fact that the parties expressly decided the agreement would bar all future claims arising under the ADA, this Court concludes for purposes of the present action that Defendant's settlement agreement constitutes a prior judgment on the merits.

Second, the prior judgment was issued by a court of competent jurisdiction. The case was heard and decided in the Southern District of Florida. Defendant's property was and

continues to be located within the Southern District of Florida. Plaintiff Mary F. Doran was a disabled individual within the meaning of the ADA and had standing to sue Defendant. Therefore, venue, subject matter jurisdiction, and personal jurisdiction were all appropriate and the prior judgment was issued by a court of competent jurisdiction.

Next, although the Parties are not "identical," there is sufficient privity between Disabled Patriots of America, Inc., Mary F. Doran, and Owen Harty to hold that the prior settlement agreement bars the instant action. "A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Indeed, the United States Supreme Court has stated "the general rule [is] that 'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" Id. (quoting Hansberry v. Lee, 311 U.S. 32, 40 (2001)). The Supreme Court, however, has held that there are six exceptions to this general rule:

> A court may apply nonparty preclusion if: (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants.

Griswold v. Cnty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010) (citing Taylor, 553 U.S. at 893–94. Here, Mary F. Doran is a disabled individual within the meaning of the ADA. Disabled Patriots of America, Inc. stated in its complaint against Defendant that it "represent[s] the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." Compl., ¶ 8, Disabled Patriots v. Ehden N.V., No. 03-14021-CIV-COHN (S.D.

Fla. 2003). In the instant action, Harty is a "'tester' on behalf of himself and other persons with disabilities for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations." Compl., ¶ 4. The parties are similarly situated and their interests are identical: Disabled Patriots of America, Inc., Mary F. Doran, and Owen Harty all seek to enforce the ADA for the benefit of themselves and others. Therefore, this Court holds that Harty was adequately represented by plaintiffs in the original suit and there is sufficient privity between the parties for purposes of res judicata.

Finally, Defendant's settlement agreement in the prior action addressed the same claims brought in the instant action by Plaintiff. In the action between Patriots of America, Inc., Mary F. Doran, and Defendant, plaintiffs brought claims under the ADA. In the settlement agreement, Defendant agreed to modify the Sabal Palm Plaza with respect to: (1) the number of disabled parking spaces; (2) the design of the parking spaces, including the signs located at each parking space; (3) the route from the parking spaces to the facility, including the design and surface-slope of ramps from the parking lot to the store fronts; (4) the entrances and exits throughout the facility; and (5) the public restrooms located on Defendant's premises. Here, Plaintiff's Complaint alleges violations of the ADA. Specifically, Plaintiff alleges violations of the ADA with respect to Sabal Palm Plaza's parking spaces and the design and surface-slope of ramps from the parking lot to the store fronts. Thus, Plaintiff's claims are covered entirely by the prior Settlement Agreement. Defendant has established the existence of a final judgment on the merits that was rendered by a court of competent jurisdiction, which involved parties in privity with Plaintiff and which involved the same cause of action. Consequently, Plaintiff's claims are barred by the doctrine of res judicata.

### III. Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Defendant Ehden, N.V.'s Motion to Dismiss Complaint (ECF No. 8) is GRANTED. All claims against Defendant L Ehden, N.V. are DISMISSED WITH PREJUDICE. The Clerk of Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this /8th day of June, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record